**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**
**WHEELING**

**EARL COLEMAN,**

    Petitioner,

v.                                    **CIVIL ACTION NO. 5:19-CV-35**
                                          **(BAILEY)**

**FREDERICK ENTZEL,**

    Respondent.

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

On March 15, 2019, the petitioner, an inmate incarcerated at FCI Hazelton in Bruceton Mills, West Virginia, filed a *pro se* Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging a prison disciplinary hearing. [Doc. 1]. On September 5, 2019, the respondent filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. [Doc. 9]. On October 3, 2019, the petitioner filed a response. [Doc. 13]. On October 17, 2019, the respondent filed a reply. [Doc. 14]. Having been fully briefed, this matter is now ripe for decision. For the reasons stated below, this Court will grant the respondent's motion to dismiss.

## FACTUAL AND PROCEDURAL HISTORY

In his Petition, petitioner challenges a delay in providing him with a Disciplinary Hearing Officer ("DHO") report following a DHO hearing on January 17, 2019. [Doc. 1-1 at 1]. The petitioner received the DHO report on February 21, 2019, 35 days after the hearing, which he alleges violates a BOP policy requiring reports to be given within fifteen

1

days. *Id.* at 1-2. Petitioner alleges that following a DHO hearing, an inmate has twenty days to file an administrative appeal; although he acknowledges that Hazelton staff allows filing of an appeal within twenty days of receiving the DHO report, he contends "this is not allowed by policy." *Id.* at 2. Petitioner acknowledges that he has not exhausted administrative remedies, but argues that exhaustion should be excused here because "staff's actions clearly violate the statutory and constitutional rights of [petitioner]." *Id.* at 3.

On September 5, 2019, the respondent filed the instant motion to dismiss or, in the alternative, for summary judgment. [Doc. 9]. In its memorandum in support, the respondent argues that, first, petitioner received due process required in a disciplinary action; second, petitioner's request for custody classification is not a cognizable habeas claim; and third, petitioner has failed to exhaust administrative remedies. [Doc. 10 at 2]. In particular, the respondent points out that while BOP policy states that DHO reports are "ordinarily" provided within 15 work days of the decision, there is no time period requirement for providing a DHO report. *Id.* at 8.

In response, the petitioner argues that the respondent's position is unreasonable; he contends that the government is relying on an unreasonable, unpublished case. [Doc. 13 at 2-3]. He further argues that because of the respondent failing to meet this 15 day requirement, the respondent should be barred from raising failure to exhaust administrative remedies as a defense. *Id.* at 3. In reply, the respondent points out that, on at least four recent occasions, this Court "has addressed this exact issue and determined that BOP policy does not mandate that an inmate receive a DHO report within 15 days of a hearing or within any specified time." [Doc. 14 at 1-2] (citations omitted).

2

**STANDARD OF REVIEW**

I.  **Motion to Dismiss**

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is *plausible* on its face.' ***Bell Atl. Corp. v. Twombly***, 550 U.S. 554, 570 (2007) (emphasis added)." ***Giarratano v. Johnson***, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs. ***Edwards v. City of Goldsboro***, 178 F.3d 231, 243-44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. ***Anheuser-Busch, Inc. v. Schmoke***, 63 F.3d 1305, 1312 (4th Cir. 1995). In ***Twombly***, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Id.* at 555, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id.* at 570.

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." ***Williams v. Branker***, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into

3

one for summary judgment." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id.* at 396-97.

Finally, this Court notes that pro se allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978).

## II. Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment

4

must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 323-25; *Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

## ANALYSIS

The Supreme Court has identified the following due process requirements for inmate disciplinary actions: (1) written notice of the charges must be given to the inmate at least twenty-four hours before his appearance in front of the prison disciplinary board; (2) prison disciplinary officers must make a written statement describing the evidence relied upon and supply reasons for any disciplinary actions; (3) the inmate must be allowed to call witnesses and present evidence at the disciplinary hearing unless allowing this would be unduly hazardous to institutional safety or correctional goals; (4) if illiterate or the hearing involves a complex matter, the inmate must be granted the opportunity to have a non-attorney representative assist him throughout the disciplinary process; and (5) the decision-maker must be impartial. *Wolff v. McDonnell*, 418 U.S. 539, 564-571 (1974).

Following a disciplinary hearing, BOP policy requires the DHO to provide the inmate with a written report, *ordinarily* within fifteen (15) working days after the DHO makes his or her decision. Therefore, the policy does not mandate that the inmate receive the report within fifteen (15) days or within any specified time. The BOP administrative grievance process requires an inmate to file an administrative appeal with twenty (20) days after the inmate receives the written report, rather than twenty (20) days after the disciplinary

5

hearing. The petitioner argues that allowing the BOP to utilize this policy "would allow staff to provide the report <u>any time they feel like</u>, which would mean staff could hold the reports ... until the end of a prisoner's sentence, forcing him to serve the lost good conduct time without an appeal." [Doc. 1-1 at 2]. However, this hypothetical is simply not the case here; there is nothing in the record to indicate that this delay, assuming petitioner could prevail on an administrative appeal, would cause him to unduly serve lost good conduct time. Accordingly, the petitioner has not stated a claim for a violation of the process due to an inmate challenging disciplinary actions under *Wolff v. McDonnell*, 418 U.S. 539.

## CONCLUSION

For the reasons stated above, the Respondent's Motion to Dismiss or, in the Alternative, for Summary Judgment **[Doc. 9]** is hereby **GRANTED**. Accordingly, it is **ORDERED** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE**. The Court hereby **DIRECTS** the Clerk to **STRIKE** this matter from the active docket of this Court and to enter judgment in favor of the respondent.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and mail a copy to the *pro se* petitioner.

**DATED**: October **22,** 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE